UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **STACEY CARTER**<br>**DOC #103844** | **CIVIL ACTION NO. 09-1137-LC** |
| **VS.** | **SECTION P** |
| **A. ALLEMAND, ET AL** | **JUDGE TRIMBLE**<br>**MAGISTRATE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Stacey Carter on July 6, 2009.[1]  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and he is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana.  Plaintiff complains that he received inadequate medical attention at ACC, that his rights under the ADA were violated, and that his constitutional rights were violated as the money for IFP status was not sent in by certain defendants on a timely basis.  He names the following as defendants herein: ACC Assistant Warden A. Allemand, ACC Warden Terry Terrell, ACC Warden Cooley, ACC Medical Director Joseph Johnson, ACC physician T. Hart, DOC Secretary designee Linda Ramsey, ACC inmate banking supervisor Hollie Bertrand, ACC inmate banking clerk Marty Langley, ACC safety inspector Captain D. Kelly, GEO, and unknown insurance companies.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] On November 4, 2009 and November 20, 2009, plaintiff filed amended complaints [Docs. 14 & 18]. This court considered the amendments, along with the original complaint, when drafting this Report and Recommendation.

## STATEMENT OF THE CASE

Plaintiff states that he has been disabled since 2002. More specifically, at some point prior to arriving at ACC, plaintiff was incarcerated at Winn Correctional Center (WCC) in Winnfield, Louisiana. While at WCC, he sustained minor injuries when his wheelchair caught on a raised metal lip in a doorway and threw him onto the floor. At that time, plaintiff used a wheelchair or walker for mobility as he was apparently disabled from gunshot wounds to his right hip. He filed suit following that incident. (See, *Carter v. Wilkinson*, et al, 05-765, W.D. LA, Alexandria Division).

Plaintiff arrived at ACC on September 16, 2008. Once there, he states that he sent request forms to Wardens Terrell, Cooley, and Allemand about the dangers of the thresholds located in the facility. He claims that he sent another request form to the three defendants on September 30, 2008, but only received a verbal response from Warden Terrell stating that he would check with Safety Supervisor Captain D. Kelly. On October 23, 2008, plaintiff was called to building G to meet with defendant Kelly, who informed him that she was told to inspect the thresholds that he indicated were not safe. The thresholds measured ½ inch in height. Plaintiff states that he informed Kelly that she was not measuring correctly.

On February 12, 2009, plaintiff was exiting the visitation building when the wheel of his walker got caught on the threshold causing him to fall to the ground hitting his right elbow and hip. Plaintiff was immediately seen by Dr. Hart, who sent plaintiff to a hospital. X-rays were taken, plaintiff was given a shot for pain, medication was prescribed, and treatment ordered. Upon his arrival back to ACC, plaintiff states that defendant Kelly ordered him to turn over the walker so that one with only front wheels could be ordered. Upon returning to his dorm, plaintiff

wrote the three wardens again, this time discussing his walker being taking away by defendant Kelly.  On March 4, 2009, he received a response from medical director Joseph Johnson and Dr. Hart stating, according to plaintiff, that it was their decision to take the walker away because "the walker was not safe on this compound and we will not change the threshold."   Plaintiff was then given a cane, which caused him pain. On June1, 2009, he was sent to the orthopedic clinic at the LSU medical center in Shreveport where he was advised that he needed surgery.  Dr. Hart reviewed the LSU report and prescribed a stronger pain medication and took away the cane that plaintiff had complained about for the previous four months.  He was then given crutches so that he would not bear weight on his hip, which gave him some relief. He was also placed on a pain management program.

      Plaintiff complains that Johnson and Hart knew of the physical therapy that was ordered prior to him being placed at ACC but they refused to provide the care.  Further, he states they forced him to undergo pain, suffering, and inconvenience by placing him in administrative lockdown for incorrect use of the walker, by failing to administer physical therapy, and by failing to have the threshold examined by an expert.

      Plaintiff states that all of the defendants  were negligent as they breached a duty owed to him. He says that they all failed to make ACC handicapped accessible as is required by law. Along these lines, plaintiff also brings a claim under the Americans with Disabilities Act (ADA). He also faults the defendants for relying on defendant Kelly for the threshold measurements.  He further states that he requested the DOC Secretary to send a State Fire Marshal to inspect the thresholds but that Linda Ramsey (the DOC Secretary's designee) neglected to adequately address the issue.

As relief for the above, plaintiff seeks $5,000.00 for gross negligence against the following defendants both individually and in their official capacities: GEO and it's insurer[2]; Wardens Terrell, Cooley, Allemand, and their insurers; safety supervisor D. Kelly and her insurer; medical director Joseph Johnson and his insurer; Dr. Hart and her insurer; and Linda Ramsey.  As to defendants Kelly, Johnson, and Hart, plaintiff also seeks relief against each party for $2,000.00 for inconvenience, and pain and suffering.  He seeks an additional $2,000.00 against defendant Ramsey for violating his 14th amendment right to due process. Plaintiff also asks for $4,000.00 against defendant Bertrand for violating his 14th amendment right to due process. He makes the same claim against defendant Marty Langley but does not state the specific recovery sought. Plaintiff also seeks punitive damages in the amount of $100,000.00 against all of the "defendants held liable."

## LAW AND ANALYSIS

**I. Frivolity Review**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025

---

[2] Although the defendants' insurance companies may be obliged to indemnify officials found liable in a suit under § 1983, the insurer is not an appropriate party to the suit because it is not a state actor, nor did it deprive plaintiff of any constitutional rights while acting under the color of a state statute.  See *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir.2006).  *Wagner v. Washington County*, 493 F.3d 833, 836 (7th Cir.2007); *Brunner v. McKillip*, 488 F.Supp.2d 775, 780 (W.D.Wis.2007).  Moreover, because plaintiff's claims against these defendants are frivolous, plaintiff would have no claim against the insurers.

(5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

**II. 42 U.S.C. §1983**

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a

claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

### III.  Negligence Claims

In this case, plaintiff alleges that it was the negligence of most of the defendants that resulted in the violation of his constitutional rights.  As is evident from the court's analysis given herein, the court construed plaintiff's complaint more liberally than simply asserting a claim for negligence against the defendants.  Claims to recover damages for personal injuries resulting from the alleged negligence of defendants are not cognizable under §1983.  Such claims are redressed under the general tort provisions of Louisiana law as negligence claims  See, Louisiana Civil Code Article 2315.  *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995): see also, *Hudson v. Palmer*, 104 S.Ct. 3194 (1984); *Parratt v. Taylor*, 101 S.Ct. 1908, 1913-17 (1981).

### IV.  Medical Care Claims

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59.  "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas*

*Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992) citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.* Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. See, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)(A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra*.

In the instant case, the information contained in plaintiff's complaint shows that plaintiff

7

received medical treatment, including doctors' visits, testing, and medication. Plaintiff's allegations, at most, state a disagreement amongst himself and the medical staff regarding the procedures to treat his medical problems. As previously stated, claims such as those made by plaintiff are insufficient to establish that a constitutional violation has occurred. Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison. See *Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct. 1800 (1974). The decision regarding plaintiff's treatment is best left to the prison officials. The facts of this matter clearly do not demonstrate that the defendants "refused to treat him, ignored his complaints, intentionally treated [plaintiff] incorrectly or evince a wanton disregard..." for plaintiff's medical needs. The evidence before the court simply does not support a finding of deliberate indifference. Accordingly, this court finds that plaintiff's medical care claims should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

**IV. Supervisor Liability and Grievances**

As defendants, plaintiff names Wardens Allemand, Terrell, and Cooley; Louisiana Department of Public Safety and Corrections Secretary Richard Stalder's designee Linda Ramsey; and GEO, Inc. To the extent that he names these defendants in a supervisory capacity, such claim is not cognizable as it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. See, *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under §1983, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation, or

must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Here, Plaintiff fails to set forth a constitutional claim against these parties. There are no allegations that they were personally implicated in any alleged constitutional deprivation or that they implemented any policy which acts as a constitutional deprivation. Thus, these claims should be dismissed for failure to state a claim upon which relief may be granted.

     Further, to the extent that plaintiff complains that these defendants did not respond to his grievances, plaintiff should be aware that such allegations do not implicate the constitution. More specifically, "when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right to access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Oladipupo v. Austin*, 104 F. Supp.2d 626, 637, citing, *Flick v. Alba, et al,* 932 F.2d 728 (8th Cir. 1991). The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally protected right to have his complaints and grievances investigated and resolved. Inasmuch as the result of these complaints and grievances have no bearing on the duration of plaintiff's confinement, plaintiff cannot show the existence of a state created liberty interest in their investigation and ultimate resolution. See *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In sum, as plaintiff does not have a constitutional right to have his grievances entertained, it follows that these defendants did not have a duty to take action with regard to plaintiff's grievances. Consequently, any argument by plaintiff that the failure answer or properly respond to his grievances violates his constitutional rights, lacks an arguable basis in law and should be dismissed as frivolous as such

claims are not cognizable under §1983.

## V. Access to Courts Claim

Plaintiff's claims that defendants Bertrand and Langley failed to send in his money as is required to file IFP essentially amount to a claim for the denial of access to the courts. Prisoners are guaranteed the right of access to the courts by the Untied States Constitution, however, in this action, plaintiff's claims do not rise to the level of a constitutional violation. In *Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. See also, *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), cert. denied, 522 U.S. 995 (1997). A prisoner's right of access is not unlimited, "[i]t encompasses only 'a reasonably adequate opportunity to file non frivolous legal claims challenging their convictions or conditions of confinement." 'Id. at 310-311 (quoting *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996)). In *Lewis*, the Supreme Court explained that before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that he suffered "actual injury"--i.e. that the denial of access "hindered his efforts to pursue a legal claim." 518 U.S. at 351. See also, *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir.1991)(A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), cert. denied, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992)(If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the

courts is not valid).

In the instant case, plaintiff has not demonstrated that defendants' actions hindered his ability to pursue a legal claim. Although he alleges that the IFP money was not sent in timely, he does not allege any actual injury as a result of that action. In this action alone, plaintiff has filed, among other documents, an original complaint, exhibits, motion to compel, letters to the clerk's office, and a motion to amend. Accordingly, absent any cognizable injury or prejudice, plaintiff cannot raise a claim of denial of access to the courts and his claims are recommended dismissed for failing to state a claim upon which relief can be granted.

## VI. ADA CLAIMS

The United States Supreme Court has unequivocally held that Title II of the ADA, the title at issue here, applies to state prisons. *Pennsylvania Dept. Of Corrections v. Yeskey*, 524 U.S. 206 (1998). However, remedies under Title II of the ADA for private plaintiffs are limited to injunctive relief and, in the court's discretion, attorney's fees. 42 U.S.C. § 12133; 28 C.F.R. § 35.175. In the present case, plaintiff is seeking compensatory damages. Thus, his claims are more appropriately redressed under the state law that plaintiff has cited in his complaint. This court is dismissing, on initial review, all claims brought by plaintiff in this matter. Thus, the court declines to exercise its supplemental jurisdiction under the state law tort claim. This court believes that plaintiff may have raised a negligence claim under La. Civ. Code art.2315. The Louisiana state court will, as outlined by plaintiff in his complaint, analyze this claim under a duty-risk analysis. Under the circumstances of this case, that analysis is better left to the state court.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed in chambers in Lake Charles, Louisiana, this  20th  day of   January  , 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE